UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| HEATH BETTAG | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | NO. 3:05-CV-233 |
| | ) | |
| BLOUNT COUNTY SHERIFF'S | ) | |
| DEP'T, OFFICER LATHAM, | ) | |
| SGT. SLAGLE, CAPT. DAN | ) | |
| NUBERT, CPL. BILL FANCIER, | ) | |
| CPL. RON MEYERS, and JAMES | ) | |
| BERRONG, Sheriff | ) | |

## MEMORANDUM and ORDER

Heath Bettag, a prisoner in the Claiborne County jail, brings this *pro se* civil rights action for monetary and injunctive relief under 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions and treatment at the Blount County Detention Center ("BCDC"), where he was formerly confined. The defendants are several Blount County officials or employees.

The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915.[1] Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
<u>or</u>
(b) twenty percent (20%) of the average monthly

---

[1] Though the filing fee has recently increased to $350, the plaintiff is being assessed the old filing fee since he filed this case before the increase.

balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[2] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility wherein the plaintiff is currently confined, to ensure full compliance with the fee-assessment procedures outlined in this memorandum.

The allegations in the complaint fall within three separate categories of claims.

1. <u>Overall housing conditions</u>: There are several claims in this category, the first of which is the plaintiff's claim that inmates in the BCDC are fed a daily diet of 800 to 1,000 calories; that it is

---

[2] Send the payments to:
  Clerk, USDC
  800 Market Street, Suite 130
  Knoxville, TN 37902.

always substandard; and that it is prepared under unsanitary conditions. Moreover, for the last three weeks and without any provocation, the plaintiff has been served half of the food portions other inmates receive.

Federal inmates are housed with state and county prisoners, and the number of inmates in BCDC—the average population in BCDC is one-hundred convicts—exceeds its maximum capacity.

The plaintiff is forced to write and eat on the floor or in his bed.

His final claim in this category is that medical and dental instruments are not sanitized before they are used on each inmate-patient.

2. <u>Access to the Courts; Grievance Policy Violations</u>: In the first claim in this category, the plaintiff alleges that he was charged 10¢ per page for photocopies of material, though the material which was copied was not the material he had requested to be copied. He maintains that his earlier attempts to obtain access to [or photocopies of?] laws which he had specifically requested were ignored. He further asserts that inmates are not allowed access to the law library, if the BCDC even has a law library.

The plaintiff's second claim is that "the jail is unresponsive to their (sic) own grievance policy in its entirety." Though not altogether clear, he appears to be alleging that either the jail authorities do not respond to grievances, though the grievance policy requires it, or that, if a response is given, it does not conform with that policy.

3) <u>Abusive treatment:</u> According to the plaintiff, tasers, mace, and beatings are administered to inmates for doing something as simple as yelling. Inmates are physically assaulted on a daily basis, without provocation, and those who push the intercom button lose their privileges for unreasonable amounts of time. This abusive treatment constitutes cruel and unusual punishment.

4) <u>Beatings and threats</u>: This category involves claims arising from two different incidents. Allegedly, the first incident occurred when the plaintiff was dragged from his cell into the booking area; handcuffed for 20 minutes; taken to an area out of the view of the camera; beaten by seven officers, including defendant Latham; and, ultimately, knocked out by having his head slammed against a wall by this defendant. The plaintiff regained consciousness to find defendant Fancier and another officer putting ammonia in his nose. The plaintiff stood up and another officer sprayed him with mace. A motorcycle helmet was placed on the plaintiff's head and he was restrained on a slab of concrete for the next (indecipherable), though it was known that the plaintiff could not manage to stay in the position because he had had reconstructive surgery on his hand the previous month. The officers laughed, and defendants Lantham and Fancier told the plaintiff that if, ever again he mentioned this incident, he would be "hung (sic) in his cell."

4

Thereafter, the second alleged incident occurred. The plaintiff maintains that defendant Ron Meyers threw him against his bed; called him and his family terrible names; and said that he would never eat right or speak to or see his family while he was in jail. These events purportedly were occasioned by the plaintiff's inquiry as to why "they were messing with [his] food."

The Court infers that the plaintiff is asserting that the above conditions and events violated either his Eighth Amendment right not to be subjected to cruel and unusual punishments or his right of access to the courts under the First Amendment.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, however, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint," *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000), and he must identify in his grievance every person he later seeks to sue in his federal case. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). A district court must enforce the exhaustion

requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In this case, the plaintiff maintains, in section II of his form complaint, that the BCDC has a prisoner grievance procedure and that he presented the facts relating to his claims through the facility's grievance system. To explain the steps he took to exhaust his administrative remedies, he asserts that he "filed complaint 2nd filed a grievance last I filed a grievance appeal, only reply I heard was with reguard (sic) to 2 issues I wrote complaint about" and that "the jail authorities stated in reply to complaint they were unable to help me."

The plaintiff has not attached copies of his grievance(s); has not described the nature of his grievance(s); has not explained whether he submitted in his grievance(s) the facts underlying each of the many claims raised in the complaint; and has not indicated whether he identified in his grievance(s) every person now named as a defendant in this action.

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and

unexhausted claims.  *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).


For the reasons discussed above, the Court finds that the plaintiff has failed to satisfy the requirements of § 1997e(a). Therefore, a separate order will enter, dismissing this action without prejudice for failure to exhaust administrative remedies.


**ENTER**:


                s/Thomas W. Phillips
                **UNITED STATES DISTRICT JUDGE**